UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT O'BRIEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIBER HOME LOANS, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-01569-EMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Docket No. 38 |

　　　　Plaintiff Robert O'Brien has filed this foreclosure-related action against the following entities: Caliber Home Loans; Quality Loan Service Corporation (as substitute trustee); and U.S. Bank Trust N.A. (as trustee). Currently pending before the Court is a motion to dismiss filed by two of the three defendants, namely, Caliber and U.S. Bank (collectively, "Defendants"). The Court held a hearing on Defendants' motion on January 4, 2018. At the hearing, the Court granted the motion but gave Mr. O'Brien leave to amend. This order memorializes the Court's oral rulings at the hearing and provides additional analysis, where necessary.

　　　　As an initial matter, the Court notes that, at the hearing, Mr. O'Brien narrowed the factual basis for his claims for relief. Although, in his complaint, Mr. O'Brien suggested that Defendants acted improperly because they concealed the fact and date of the foreclosure sale, *see* FAC ¶ 26, he disavowed that factual basis at the hearing. Instead, he stated that his claims for relief were predicated solely on the (alleged) fact that no *public* auction was held for the property at issue – *i.e.*, the auctioneer (the agent for the trustee at the foreclosure sale) failed to "cry out" that the real property issue was being sold, and instead the property was sold through some kind of "back room deal." As relief, Mr. O'Brien seeks both damages as well as a setting aside of the foreclosure sale.

The claims for relief being so limited, the Court finds that Mr. O'Brien has failed to adequately state a claim for relief for several reasons.

First, to the extent Mr. O'Brien seeks damages, he has failed to include allegations in his complaint showing that he was injured as a result of any misconduct. At the hearing, Mr. O'Brien posited that, if a public auction had been held, it is possible that a third party would have made an offer to buy the real property at issue for its full market value. A payment of full-market value would have left some money for him even after paying off the lender and any liens on the real property at issue.[1] However, it is entirely speculative that a third party would have made such an offer; at the very least, Mr. O'Brien has failed to make any factual allegations establishing that it is plausible that a third party would have made such an offer.[2] There is no evidence, for instance, that there were any qualified bidder other than U.S. Bank interested in this property. Moreover, the prospect of a full value bid at this auction appears speculative; one would usually expect a foreclosure sale to result in a payment of less than full-market value.

Second, to the extent Mr. O'Brien seeks to set aside the foreclosure, he runs up against the tender rule. *See Orcilla v. Big Sur, Inc.*, 244 Cal. App. 4th 982, 996 (2016) (stating that "'the elements of an equitable cause of action to set aside a foreclosure sale are: (1) the trustee . . . caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a . . . deed of trust; (2) the party attacking the sale . . . was prejudiced or harmed; and (3) in cases where the trustor . . . challenges the sale, the trustor . . . tendered the amount of the secured indebtedness or was excused from tendering'" ); *Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal. App. 4th 808, 819 (2016) (stating that, "because a cause of action to cancel a written instrument under [Cal. Civ. Code] section 3412 sounds in equity, a debtor must generally allege

---

[1] It appears that, at the foreclosure sale, U.S. Bank as the lender offered a full credit bid – *i.e.*, a bid in an amount equal to the unpaid principal balance and interest of the mortgage debt. *See* Mot. at 8; *Alliance Mortg. Co. v. Rothwell*, 10 Cal. 4th 1226, 1238 (1995). This was the highest bid and thus accepted. An offer to pay full market value would have exceeded U.S. Bank's full credit bid.

[2] The Court is also skeptical of whether a third party willing to make an offer of full market value would have sat back and waited for the auctioneer to "cry out" the sale of the real property at issue – *e.g.*, instead of reaching out to the auctioneer itself – and letting the property be sold to U.S. Bank without inquiry or objection.

2

tender or offer of tender of the amounts borrowed as a prerequisite to such claims"; adding that the rule "'is based on the theory that one who is relying upon equity in overcoming a voidable sale must show that he is able to perform his obligations under the contract so that equity will not have been employed for an idle purpose'"). In his complaint as currently pled, Mr. O'Brien has not alleged either a past or present ability to pay the amount of the secured debt.[3]

Finally, the misconduct charged by Mr. O'Brien is misconduct by the auctioneer – and possibly the trustee as the auctioneer is its agent. However, there is no apparent misconduct by Defendants absent allegations by Mr. O'Brien plausibly suggesting that Defendants essentially colluded with the auctioneer and/or trustee not to hold a public auction.

Accordingly, the Court hereby **GRANTS** Defendants' motion to dismiss for failure to state a claim for relief. Mr. O'Brien, however, has leave to amend to correct the deficiencies identified above. In amending, Mr. O'Brien must bear in mind that he must have a good faith basis to make his factual allegations, *see* Fed. R. Civ. P. 11; furthermore, his allegations must state specific facts which establish that his claims for relief are plausible as required by Federal Rules of Civil Procedure. *See Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1134-35 (9th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Any

///
///
///
///
///
///
///

---

[3] It is not entirely clear whether the tender rule requires allegations of past ability to tender the debt amount and/or present ability to do so. *See, e.g.*, *Ward v. Pickett*, No. C-13-01735 DMR, 2014 U.S. Dist. LEXIS 4688, at *9 (N.D. Cal. Jan. 14, 2014) (assuming that allegations of "past and present ability to tender the debt amount are sufficient to meet the tender requirement"); *Grant v. Aurora Loan Servs.*, 736 F. Supp. 2d 1257, 1269 (C.D. Cal. 2010) (noting that plaintiff failed to allege that "he was at the time of sale, or at any time, able to tender payment of his indebtedness to Aurora").

3

amended complaint shall be filed within three weeks of the date of this order; failure to file an amended complaint shall result in a dismissal of all claims against Defendants (the remaining defendant, Quality Loan Service Corporation has not yet made an appearance in the case)

This order disposes of Docket No. 38.

**IT IS SO ORDERED**.

Dated: January 8, 2018

_____
EDWARD M. CHEN
United States District Judge